**EXHIBIT A-State Court File**

 **Your Missouri Courts** ase.net

Search for Cases by: Select Search Method...  ▾

Judicial Links   |   eFiling   |   Help   |   Contact Us   |   Print          GrantedPublicAccess   Logoff KEGGER65913

**20SL-CC04970 - LOUIS GRONE V PNK, LLC D/B/A RIVER CITY CASINO & H (E-CASE)**

| Case FV 3dde Valu | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries:  ◉ Descending    ○ Ascending

Display Options:  All Entries  ▾

---

**01/29/2021** ☐ **Summons Personally Served**
Document ID - 21-SMCC-354; Served To - PNK, LLC; Server - ; Served Date - 19-JAN-21; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

**01/22/2021** ☐ **Notice of Service**
Affidavit of Service; Electronic Filing Certificate of Service.
    **Filed By:** NICHOLAS KENT MEADOR
    **On Behalf Of:** LOUIS GRONE

**01/13/2021** ☐ **Summons Issued-Circuit**
Document ID: 21-SMCC-354, for PNK, LLC.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**10/07/2020** ☐ **Note to Clerk eFiling**
    **Filed By:** DANIEL VINCENT ZDRODOWSKI
☐ **Entry of Appearance Filed**
Entry of Appearance of Co-Counsel for the Plaintiffs; Electronic Filing Certificate of Service.
    **Filed By:** DANIEL VINCENT ZDRODOWSKI
    **On Behalf Of:** LOUIS GRONE

**10/06/2020** ☐ **Memorandum Filed**
Memorandum.
    **Filed By:** NICHOLAS KENT MEADOR
    **On Behalf Of:** LOUIS GRONE

**10/05/2020** ☐ **Judge/Clerk - Note**
PETITON AND SPS FORM HAVE TWO DIFFERENT ADDRESS PLEASE CLARIFY THE DFT'S ADDRESS VIA A MEMO

**09/29/2020** ☐ **Filing Info Sheet eFiling**
    **Filed By:** NICHOLAS KENT MEADOR
☐ **Motion Special Process Server**
Request for Special Process Server.
    **Filed By:** NICHOLAS KENT MEADOR
    **On Behalf Of:** LOUIS GRONE
☐ **Pet Filed in Circuit Ct**
Petition; Exhibit 1.

Case: 4:21-cv-00203   Doc. #:   1-2   Filed: 02/16/21   Page: 2 of 23 PageID #: 12

Case.net 5.14.12 - Docket Entries

☐ **Judge Assigned**
   DIV 16

**EXHIBIT A-State Court File**

Case.net Version 5.14.12     [Return to Top of Page](#)     Released 11/10/2020

**20SL-CC04970**

**EXHIBIT A-State Court File**

Electronically Filed - St Louis County - September 29, 2020 - 02:53 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| LOUIS GRONE, on behalf of himself and )<br>All others similarly situated, )<br> )<br>      Plaintiffs, )<br> )<br>v. )<br> )<br>PNK, LLC d/b/a RIVER CITY )<br>CASINO & HOTEL, )<br> )<br> )<br>      Defendant. ) | Cause No.:<br>Div.: |

## PETITION

Plaintiffs Louis Grone, on behalf of himself and as a representative of all others similarly situated and by and through undersigned counsel, and for his Petition, state and allege as follow:

## NATURE OF THE ACTION

1.     This is an action for damages arising out of Defendant PNK, LLC d/b/a River City Casino & Hotel's breach of contract relating to severance agreements between the parties.

## PARTIES

2.     Plaintiff Louis Grone ("Mr. Grone") is a resident of St. Louis County, Missouri.

3.     Defendant PNK, LLC d/b/a River City Casino & Hotel ("Defendant") is a resident of St. Louis County, Missouri.

## VENUE AND JURISDICTION

4.     This Court has jurisdiction over this matter pursuant to Article V, Section 14 of the Missouri Constitution and MO. REV. STAT. § 478.070.

**EXHIBIT A-State Court File**

Electronically Filed - St Louis County - September 29, 2020 - 02:53 PM

5.      Venue is proper pursuant to MO. REV. STAT. § 508.010 because this litigation includes a breach of contract and the Plaintiffs asserting that breach were first injured in St. Louis County.

<u>**GENERAL ALLEGATIONS**</u>

6.      Plaintiff Mr. Grone, and all others similarly situated, and Defendant entered into a Severance Agreement on or about August 17, 2020. A purported copy of the Severance Agreement is attached hereto as <u>**Exhibit 1**</u>.

7.      Pursuant to the Severance Agreements, Defendant was to pay Mr. Grone, and all others similarly situated, their regular salary and benefits through August 17, 2020. (Exh. 1 ¶ 1).

8.      On or about April 1, 2020, Mr. Grone, and all others similarly situated, went on furlough without pay.

9.      Defendant has provided health insurance and life insurance for Plaintiff, and all others similarly situated, since the start of furlough as required by the severance agreement. (Exh. 1 ¶ 1).

10.     At the time of the filing of this case, the total damages sought in this case do not exceed $5,000,000.00.

<u>**COUNT I**</u>
<u>**BREACH OF CONTRACT**</u>

11.     Plaintiff incorporates all paragraphs of this Petition into Count I as if fully set forth herein.

12.     On or about April 1, 2020, Mr. Grone, and all others similarly situated, were furloughed without pay.

13.     Mr. Grone, and all others similarly situated, were entitled to their full salaries and benefits from April 1, 2020 to August 17, 2020 according to the Severance Agreements.

**EXHIBIT A-State Court File**

Electronically Filed - St Louis County - September 29, 2020 - 02:53 PM

14.     Defendant has not paid Mr. Grone, and all others similarly situated any amount of their salaries, since April 1, 2020.

15.     Defendant has breached the Severance Agreements by failing to pay Mr. Grone, and all others similarly situated, their full salaries from April 1, 2020 to August 17, 2020.

16.     Mr. Grone, and all others similarly situated, have been damaged by Defendant's breach of the Severance Agreements since they have waived claims against Defendant and have not received the consideration, payment of their full salaries, they bargained for. .

## REQUEST FOR CLASS CERTIFICATION ON ALL CLAIMS

17.     Plaintiff restates and incorporates by reference paragraphs 1-16 of this Petition, as of more fully states herein.

18.     Plaintiff brings this action on behalf of himself, and as a representative of the class of persons defined as all United States of America Citizens and Residents who:

    a.   Were employed by Defendant;

    b.   Were furloughed by Defendant during the month of April of 2020;

    c.   Were not paid by Defendant from the time of being furloughed until August 17 of 2020;

    d.   Were presented a severance contract by Defendant containing the operative language of paragraph 1 of the above identified severance contract; and

    e.   Who signed and returned said severance contracts to Defendant.

19.  Excluded from the Class Members are:

(i)     Any judge presiding over this action and members of their families;

(ii)    Defendants, Defendants subsidiaries, parents successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former offices and directors;

**EXHIBIT A-State Court File**

Electronically Filed - St Louis County - September 29, 2020 - 02:53 PM

(iii)    Employees who (a) have or had an executive responsibility on behalf of the organization, (b) whose act or omission in connection with this matter may be imputed to the organization for purposes of civil or criminal liability, or (c) whose statement may constitute an admission on the part of Defendants;

(iv)    Persons who properly execute and file a timely request for exclusion from the class;

(v)    The attorneys working on Plaintiff's claims; and

(vi)    The legal representatives, successors, or assigns of any such excluded persons, as well as any individual who drafted the operative language found in the above identified severance contract.

20. **Numerosity.** Upon information and belief, the Class Members includes more than two hundred (200) individuals, making their individual joinder herein impracticable. Although the exact number of Class Members and their addresses are unknown to Plaintiff, they are readily ascertainable from Defendants' records. Class Members may be notified of the pendency of this action by mail and/or electronic mail, and supplemented (if deemed necessary or appropriate by the Court) by published notice.

21. **Typicality.** Plaintiff's claims are typical of the Class Members because Plaintiff and the Class Members sustained damages as a result of Defendant's failure to honor the applicable language of paragraph 1 of the above identified severance contracts, which they all signed.

22. **Adequacy.** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class Members she seeks to represent. Plaintiff has retained competent and experienced counsel, and Plaintiff intends to prosecute this

Electronically Filed - St Louis County - September 29, 2020 - 02:53 PM

action vigorously. The interest of Class Members will be treated fairly and adequately protected by Plaintiff and his counsel.

23. **Predominance and Superiority.** This class action is appropriate for certification because class proceedings are superior to all over available methods for the fair and efficient adjudication of this controversy and joinder of all Class Members is impracticable. The damages suffered by the individual Class Members will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' wrongful conduct. Thus, it would be virtually impossible for the individual Class Members to obtain effective relief from Defendants' misconduct. Even if Class Members could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered, and uniformity of decisions will be ensured.

24. **Commonality.** Common questions of law and fact exist as to all Class Members and predominate over any questions affecting only individual members, and include, but are not limited to:

    a. Whether Defendant is obligated under the operative language of the above identified severance agreement to have paid Plaintiff, and other's similarly situated, their salaries from the time of furlough until August 17, 2020;

**EXHIBIT A-State Court File**

Electronically Filed - St Louis County - September 29, 2020 - 02:53 PM

    b.   Whether the operative language of the above identified severance agreement is enforceable;

    c.   Whether or not Defendant paid the class members their salaries from the time of furlough until August 17, 2020; and

    d.   Whether or not there was a breach by Defendant of the operative language of the above identified severance agreement

25. Plaintiff reserves the right to revise Class definitions and questions based upon facts learned in discovery.

WHEREFORE, for the reasons stated above, Claimants Louis Grone, prays this Court:

a) Enter an order pursuant to Rule 52.08(c)(1) that this action is to maintained as a class action, denominating the class as defined above;

b) Enter an order appointing and denominating the undersigned as class counsel;

c) Enter judgement for said Class and against Defendant PNK, LLC d/b/a River City Casino & Hotel, in the amount of actual damages for each class plaintiff for each breach of contract as to the severance agreements;

d) Further that the Court award costs and attorney fees to plaintiffs as allowed by law, and for such other relief as this court deems just and proper.

Respectfully Submitted,

**THE MEADOR LAW FIRM, LLC**

 /s/ Nicholas K. Meador           
Nicholas K. Meador, #68769
1420 Strassner Drive

6

**EXHIBIT A-State Court File**

Electronically Filed - St Louis County - September 29, 2020 - 02:53 PM

St. Louis, MO 63144
Tel: (314) 962-1115
Fax: (314) 968-5030
*Attorney for Plaintiff*

20SL-CC04970

EXHIBIT A-State Court File

Electronically Filed - St Louis County - September 29, 2020 - 02:53 PM

CONFIDENTIAL SEPARATION AGREEMENT AND GENERAL RELEASE

This is a Separation Agreement and General Release (hereinafter referred to as the "Agreement") between Louis Grone (hereinafter referred to as the "Employee") and PNK (River City), LLC d/b/a River City Casino & Hotel (hereinafter referred to as the "Employer"). In consideration of the mutual promises and commitments made in this Agreement, and intending to be legally bound, Employee, on the one hand, and the Employer on the other hand, agree to the terms set forth in this Agreement.

1.      Employer and Employee hereby acknowledge that Employee was notified that he would be terminated as an employee of Employer effective as of 8/17/2020.  Employee will remain an employee and receive his regular salary and benefits through the 8/17/2020 separation date at which time his employment with Employer and all of its affiliates will terminate (the "Termination Date"). At that time, Employee shall have all options and benefits available to any similarly-situated employee leaving Employer, including, but not limited to, if applicable, conversion of life insurance, rights to continued group health benefits (*i.e.*, medical, dental and vision) through the end of the calendar month in which the Termination Date occurs, and thereafter rights to continued group health plan coverage under the Consolidated Omnibus Reconciliation Act of 1985 ("COBRA").

2.      (a)      In addition to the foregoing, and as additional consideration to which Employee is not otherwise entitled under any Employer benefit plan or by express or implied contract with Employer, Employer will pay Employee an amount equal to 4 weeks' base salary at the level as in effect on the Termination Date.  Such amount shall be paid in a lump sum, less customary withholding, on the next payroll date following Employee's timely execution of this Agreement. (As used below in this Agreement, "Severance Period" shall mean all or the portion of such 4-week period during which Employee is entitled to receive payments under this Subsection (a).) Employee agrees to provide reasonable transition assistance to Employer upon a mutually agreed schedule; provided, however, the level of such transition services shall not be so great as to prevent Employee from having a separation from service.  Employee and Employer agree that the mutual representations, promises and agreements set out in the remainder of this Agreement shall constitute further consideration for the settlement and release of all claims as referred to in this Agreement.

        (b)      If Employee accepts any employment with the Employer, or an affiliate or related entity of the Employer, and becomes reemployed during the Severance Period, Employee acknowledges and agrees that he will forfeit all future severance payments from the date on which reemployment commences.

        (c)      For purposes of this Section 2, the term "separation from service" shall mean separation from service as defined in Section 409A of the Internal Revenue Code of 1986, as amended ("Section 409A").  For purposes of Section 409A, each payment made hereunder shall be considered a separate payment.

3.      (a)      When used in this Agreement, the word "Releasees" means the Employer and all or any of its past and present parent, subsidiary and affiliated corporations, companies, partnerships, members, joint ventures and other entities and their groups, divisions, departments and units, and their past and present directors, trustees, officers, managers, partners, supervisors, employees, attorneys, agents and consultants, and their predecessors, successors and assigns.

        (b)      When used in this Agreement, the word "Claims" means each and every claim, complaint, cause of action, and grievance, whether known or unknown and whether fixed or contingent, and each and every promise, assurance, contract, representation, guarantee, warranty, right and commitment of any kind, whether known or unknown and whether fixed or contingent.

4.      In consideration of the promises of the Employer set forth in this Agreement, and intending to be legally bound, Employee hereby irrevocably releases and forever discharges all Releasees of and from

**EXHIBIT A-State Court File**

Electronically Filed - St Louis County - September 29, 2020 - 02:53 PM

any and all Claims that he (on behalf of either himself or any other person or persons) ever had or now has against any and all of the Releasees, or which he (or his heirs, executors, administrators or assigns or any of them) hereafter can, shall or may have against any and all of the Releasees, for or by reason of any cause, matter, thing, occurrence or event whatsoever through the effective date of this Agreement. Employee acknowledges and agrees that the Claims released in this paragraph include, but are not limited to, (a) any and all Claims based on any law, statute or constitution or based on contract or in tort or common law, and (b) any and all Claims based on or arising under any civil rights laws, such as any Missouri employment laws, or Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.), or the Federal Age Discrimination in Employment Act (29 U.S.C. § 621 et seq.) (hereinafter referred to as the "ADEA"), and (c) any and all Claims under any grievance or complaint procedure of any kind, and (d) any and all Claims based on or arising out of or related to his recruitment by, employment with, the termination of his employment with, his performance of any services in any capacity for, or any other arrangement or transaction with, each or any of the Releasees. This Agreement is not intended to release any right to proceed or recover remedies under the Fair Labor Standards Act ("FLSA"), or any claim of any kind that is already pending in a court of law. Employee waives participation, to the extent permitted by federal or state law, in any class or collective action that is not already pending, as either a class or collective action representative or participant. Employee also understands, that by signing this Agreement, he is waiving all Claims against any and all of the Releasees released by this Agreement; provided, however, that as set forth in section 7 (f) (1) (c) of the ADEA, as added by the Older Workers Benefit Protection Act of 1990, nothing in this Agreement constitutes or shall (i) be construed to constitute a waiver by Employee of any rights or claims that may arise after this Agreement is executed by Employee, or (ii) impair Employee's right to file a charge with the Securities and Exchange Commission ("SEC"), the U.S. Equal Employment Opportunity Commission ("EEOC"), the National Labor Relations Board ("NLRB") or any state agency or to participate in an investigation or proceeding conducted by the SEC, EEOC, NLRB or any state agency or as otherwise required by law. Notwithstanding the foregoing, Employee agrees to waive Employee's right to recover individual relief in any charge, complaint, or lawsuit filed by Employee or anyone on Employee's behalf, except that this does not waive the Employee's ability to obtain monetary awards from the SEC's whistleblower program.

     5.    Employee covenants and agrees not to sue the Releasees and each or any of them for any Claims released by this Agreement and to waive any recovery related to any Claims covered by this Agreement. Employee further certifies that he is not aware of any actual or attempted regulatory, SEC, EEOC or other legal violations by Employer and that his separation is not a result of retaliation based on any legal rights or opposition to an illegal practice.

     6.    Employee warrants that he will return to the Employer all property in his possession, including, but not limited to, keys, phones, equipment, computers, identification cards and credit cards, files and records (electronic or otherwise), address lists and all copies of documents that belong to each Employer or to any of the Releasees. Such documents also include, without limitation, any documents created or made by Employee during his employment with the Employer. Employee further agrees to keep confidential and not disclose to any third party, nor use for any other purpose, any non-public Employer information, including, without limitation, financial, customer or strategic data or trade secrets.

     7.    Pursuant to the Defend Trade Secrets Act of 2016, Employee acknowledges that Employee will not have criminal or civil liability under any Federal or State trade secret law for the disclosure of a trade secret that (A) is made (i) in confidence to a Federal, State, or local government official, either directly or indirectly, or to an attorney; and (ii) solely for the purpose of reporting or investigating a suspected violation of law; or (B) is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal. In addition, if Employee files a lawsuit for retaliation by the Company for reporting a suspected violation of law, Employee may disclose the trade secret to his attorney, and may use the trade secret information in the court proceeding, if Employee (X) files any document containing the trade secret under seal; and (Y) does not disclose the trade secret, except pursuant to court order.

2

Electronically Filed - St Louis County - September 29, 2020 - 02:53 PM

**EXHIBIT A-State Court File**

8.    Employee agrees that, except as specifically provided in this Agreement, there is no compensation, benefits, or other payments due or owed to him by each or any of the Releasees, including, without limitation, the Employer, and there are no payments due or owed to him in connection with his employment by or the termination of his employment with each or any of the Releasees, including without limitation, any interest in options issued to, expected by or contemplated by any of the Releasees (which interest is specifically released herein) or any other benefits (including, without limitation, any other severance benefits). For clarity, Employee acknowledges that upon his separation date, he has no rights under any bonus arrangement or option plan of Employer. Employee further acknowledges that he has not experienced or reported any work-related injury or illness.

9.    Except where the Employer has disclosed or is required to disclose the terms of this Agreement pursuant to applicable federal or state law, rule or regulatory practice, Employer and Employee agree that the terms of this Agreement are confidential. Employee will not disclose or publicize the terms of this Agreement and the amounts paid or agreed to be paid pursuant to this Agreement to any person or entity, except to his spouse, his attorney, his accountant, and to a government agency for the purpose of payment or collection of taxes or application for unemployment compensation benefits. Employee agrees that his disclosure of the terms of this Agreement to his spouse, his attorney and his accountant shall be conditioned upon his obtaining agreement from them, for the benefit of the Employer, not to disclose or publicize to any person or entity the terms of this Agreement and the amounts paid or agreed to be paid under this Agreement. Employee understands that, notwithstanding any provisions of this Agreement, Employee is not prohibited or in any way restricted from reporting possible violations of law to a government agency or entity, and Employee is not required to inform Employer if he makes such reports.

10.    Employee agrees not to make any disparaging statements in any forum, including in blogs, posts on Facebook, twitter, or other social media, or any such similar media, about Employer, its casinos, racetracks, facilities, services, products, partners or personnel.

11.    The terms of this Agreement are not to be considered as an admission on behalf of either party. Neither this Agreement nor its terms shall be admissible as evidence of any liability or wrongdoing by each or any of the Releasees in any judicial, administrative or other proceeding now pending or hereafter instituted by any person or entity. The Employer is entering into this Agreement solely for the purpose of effectuating a mutually satisfactory separation of Employee's employment.

12.    All provisions of this Agreement are severable and if any of them is determined to be invalid or unenforceable for any reason, the remaining provisions and portions of this Agreement shall be unaffected thereby and shall remain in full force to the fullest extent permitted by law.

13.    This Agreement shall be governed by and interpreted under and in accordance with the laws of the State of Missouri. Any suit, claim or cause of action arising under or related to this Agreement shall be submitted by the parties hereto to the exclusive jurisdiction of the courts of Missouri or to the federal courts located therein if they otherwise have jurisdiction.

**EXHIBIT A-State Court File**

14.    This Agreement constitutes a complete and final agreement between the parties and supersedes and replaces all prior or contemporaneous agreements, offer letters, severance policies and plans, negotiations, or discussions relating to the subject matter of this Agreement and no other agreement shall be binding upon each or any of the Releasees, including, but not limited to, any agreement made hereafter, unless in writing and signed by an officer of the Employer, and only such agreement shall be binding against the Employer.

15.    Employee is advised, and acknowledges that he has been advised, to consult with an attorney before signing this Agreement.

16.    Employee acknowledges that he is signing this Agreement voluntarily, with full knowledge of the nature and consequences of its terms.

17.    All executed copies of this Agreement and photocopies thereof shall have the same force and effect and shall be as legally binding and enforceable as the original.

18.    Employee acknowledges that he has received information about the job titles and ages of those in his job classification or organizational unit who are affected by this reduction in force, as well as those who are not.   This information is attached in Exhibit A and B.

19.    Employee acknowledges that he has been given up to forty-five (45) days within which to consider this Agreement before signing it.  Subject to paragraph 20 below, this Agreement will become effective on the date of Employee's signature hereof.

20.    For a period of seven (7) calendar days following his signature of this Agreement, Employee may revoke the Agreement, and the Agreement shall not become effective or enforceable until the seven (7) day revocation period has expired.  Employee may revoke this Agreement at any time within that seven (7) day period, by sending a written notice of revocation to the Human Resources Department of Employer. Such written notice must be actually received by the Employer within that seven (7) day period in order to be valid.  If a valid revocation is received within that seven (7) day period, this Agreement shall be null and void for all purposes and no severance shall be paid.  If Employee does not revoke this agreement, payment of the amount set forth in Paragraphs 1 and 2 above will be made upon the expiration of the seven (7) day revocation period.

IN WITNESS WHEREOF, the Parties have read, understand and do voluntarily execute this Separation Agreement and General Release which consists of four pages.

EMPLOYER                                              EMPLOYEE

By:_____                  _____

Date:_____                  Date:___8-24-2020_____

4

**20SL-CC04970**

EXHIBIT A-State Court File

Electronically Filed - St Louis County - September 29, 2020 - 02:53 PM

## In the
# CIRCUIT COURT
## City of St. Louis, Missouri

LOUIS GRONE

Plaintiff/Petitioner

vs.

PNK, LLC d/b/a RIVER CITY CASINO & HOTEL

Defendant/Respondent

September 29, 2020

Date

_____

Case number

_____

Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff                                    , pursuant

Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

Cotten Investigations, Inc.; A. Cotten, A. Kovar     2820 Lafayette, St. Louis, MO 63104     3147711178

| Name of Process Server | Address | Telephone |

A. Scott, M. Edwards, C. Allen, & A. Freiner

| Name of Process Server | Address | Telephone |

| Name of Process Server | Address | Telephone |

to serve the summons and petition in this cause on the below named parties.

SERVE:                                          SERVE:

CT Corporation System

Name                                            Name

120 South Central Ave

Address                                         Address

Clayton, MO 63105

City/State/Zip                                  City/State/Zip

SERVE:                                          SERVE:

Name                                            Name

Address                                         Address

City/State/Zip                                  City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

By_____

Deputy Clerk

_____

Date

/s/ Nicholas K. Meador

Attorney/Plaintiff/Petitioner

68769

Bar No.

1420 Strassner Drive St. Louis, MO 63144

Address

3149621115

Phone No.

**EXHIBIT A-State Court File**

Electronically Filed - St Louis County - September 29, 2020 - 02:53 PM

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers.  Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license.  No other identification will be allowed.  All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers.  The license fees shall be made payable to the Sheriff of the City of St. Louis.

**EXHIBIT A-State Court File**

Electronically Filed - St Louis County - September 29, 2020 - 02:53 PM

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing. Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk. Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years. Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)

**EXHIBIT A-State Court File**

Electronically Filed - St Louis County - October 06, 2020 - 10:53 AM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| LOUIS GRONE, on behalf of himself and ) | |
| All others similarly situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause No.: 20SL-CC04970 |
| ) | |
| PNK, LLC d/b/a RIVER CITY ) | |
| CASINO & HOTEL, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM CLARIFYING ADDRESS**

COMES NOW Plaintiff, Louis Grone, by and through undersigned counsel, and states:

1.      Defendant PNK, LLC d/b/a River City Casino & Hotel's registered agent to be served is CT Corporation System and is located at 120 South Central Ave., Clayton, Missouri 63105.

Respectfully Submitted,

**The Meador Law Firm**

*/s/ Nicholas K. Meador*
Nicholas K. Meador, #68769
1420 Strassner Drive
St. Louis, MO 63144
Tel: (314) 962-1115
Nick@KandMSTL.com
*Attorney for Plaintiff*

1

**EXHIBIT A-State Court File**

Electronically Filed - St Louis County - October 07, 2020 - 02:33 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| LOUIS GRONE, on behalf of himself and | ) | |
| all others similarly situated | ) | Case No. 20SL-CC04970 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PNK, LLC d/b/a RIVER CITY | ) | |
| CASINO & HOTEL | ) | |
| Defendant. | ) | |

**ENTRY OF APPEARANCE**

COMES NOW, Shenandoah Law Firm, LLC, by and through Daniel Zdrodowski, and hereby enters its appearance as co-counsel on behalf of Plaintiff, Louis Grone in the above captioned matter.

SHENANDOAH LAW FIRM, LLC

By:     _/s/Daniel Zdrodowski_____
          Daniel Zdrodowski, #67020
          Attorney for Petitioner
          222 S. Central Avenue, Suite 600
          Clayton, Missouri 63105
          (314) 413-3875
          Email: daniel@shenandoahlawfirm.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing was served upon all parties of record via Missouri E-Filing Service on this 7th day October, 2020.

____/s/Lionel J Dutreix, IV_____



**EXHIBIT A-State Court File**

### IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOHN N. BORBONUS III | Case Number:  20SL-CC04970 |
|---|---|
| Plaintiff/Petitioner:<br>LOUIS GRONE<br><br><div align="right">**vs.**</div> | Plaintiff's/Petitioner's Attorney/Address<br>NICHOLAS KENT MEADOR<br>1420 STRASSNER DRIVE<br>ST LOUIS, MO 63144 |
| Defendant/Respondent:<br>PNK, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Breach of Contract | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  PNK, LLC
       **Alias:**
CT CORPORATION SYSTEM, R/A
120 S CENTRAL AVE
CLAYTON, MO  63105



*COURT SEAL OF*

*ST. LOUIS COUNTY*

      You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
      **SPECIAL NEEDS:**  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>13-JAN-2021</u>
**Date**

**Further Information:**
AW

_____ Clerk

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name)_____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
     Printed Name of Sheriff or Server                         Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

      Subscribed and sworn to before me on _____ (date).

*(Seal)*

      My commission expires: _____    _____
                              Date                            Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI** EXHIBIT A-State Court File

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

Electronically Filed - St Louis County - January 22, 2021 - 01:12 PM

**EXHIBIT A-State Court File**



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division:<br>JOHN N. BORBONUS III | Case Number: 20SL-CC04970 | |
|---|---|---|
| Plaintiff/Petitioner:<br>LOUIS GRONE | Plaintiff's/Petitioner's Attorney/Address<br>NICHOLAS KENT MEADOR<br>1420 STRASSNER DRIVE<br>ST LOUIS, MO 63144 | |
| Defendant/Respondent:<br>PNK, LLC | vs. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Breach of Contract | | (Date File Stamp) |

**Summons in Civil Case**

The State of Missouri to: PNK, LLC

Alias: *dba Rivercity Casino & Hotel*

CT CORPORATION SYSTEM, R/A
120 S CENTRAL AVE
CLAYTON, MO 63105

*COURT SEAL OF*

*ST. LOUIS COUNTY*

    You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
    SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

__13-JAN-2021__
Date

Further Information:
AW

_____
Clerk

---

**Sheriff's or Server's Return**

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☒ other *Dennie Lovel*

Served at *120 S. Central* (address)

in *St Louis* (County/City of St. Louis), MO, on *1-19-2021* (date) at *9:38 am* (time).

*a. Knar*
Printed Name of Sheriff or Server      Signature of Sheriff or Server

               Must be sworn before a notary public if not served by an authorized officer:

*(Seal)*      Subscribed and sworn to before me on _____ (date).

              My commission expires: _____ _____
                                Date                          Notary Public

---

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 | |
| Mileage | $ | (_____ miles @ $._____ per mile) |
| **Total** | $ | |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* Document ID# 21-SMCC-354    1    (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - St Louis County - January 22, 2021 - 01:12 PM

**Affidavit of Service EXHIBIT A-State Court File**

| | | |
|---|---|---|
| LOUIS GRONE | ) | Case no:   20SL-CC04970 |
| vs. | ) | |
| | ) | Division: |
| PNK LLC | ) | Court date: |

1. I served PNK, LLC dba River City Casino & Hotel c/o CT Corporation Systems at 120 S. Central, 4th Floor, Clayton, MO 63105

   on January 19th 2021   @   9:38 a.m.

   1a:  service accepted by Bonnie Love.

2. Comes now Antoinette Kovar Special Process Server, for this court and states upon his/her oath that the information is true and correct to the best of his/her knowledge.

   Antoinette Kovar
   Special Process Server

   Subscribed and sworn to before me by Antoinette Kovar  on this 19h day of January 2021

   Notary Public

My Commission Expires:

NOTARY PUBLIC SEAL STATE OF MISSOURI

AUGUSTUS COTTEN JR.,
My Commission Expires
May 31, 2024
St. Louis City
Commission #12508599

**TO:   KOLLER & MEADOR**
**1420 STRASSENR,**
**ST. LOUIS, MO 63139**

**INVOICE CODE:**          PN-135459.31

**TOTAL AMOUNT DUE**          ...............$       57.00

MAKE PAYABLE TO:          COTTEN INVESTIGATIONS I, INC.
2820 LAFAYETTE AVENUE
ST. LOUIS, MO63104
314/771-1178

*** PAYABLE UPON RECIEPT **

Date Submitted:   January 19th 2021